# EXHIBIT A

Matthew A. Luber, Esq. – NJ ID # 017302010
  mal@njlegal.com
Armen McOmber, Esq. – NJ ID # 018251998
  ram@njlegal.com
Christian V. McOmber, Esq. – NJ ID # 012292010
  cvm@njlegal.com
Peter M. Draper, Esq. – NJ ID #012112012
  pmd@njlegal.com
Austin B. Tobin, Esq. – NJ ID # 002622010
  abt@njlegal.com
McOMBER & McOMBER, P.C.
30 S. Maple Avenue
Marlton, New Jersey 08053
(856) 985-9800 Phone
(732) 530-8545 Fax
*Attorneys for Plaintiff Troy Stephens*

| TROY STEPHENS,<br><br>                          Plaintiff,<br><br>vs.<br><br>ARAMARK CORPORATION, IMAN BUNTON, PAUL LIONS, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>                          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.<br><br>Civil Action<br><br>**COMPLAINT & DEMAND<br>FOR TRIAL BY JURY** |
|---|---|

Plaintiff Troy Stephens ("Plaintiff"), by way of Complaint against Defendants Aramark Corporation ("Defendant Aramark" or "Corporate Defendant"), Iman Bunton ("Defendant Bunton"), and Paul Lions ("Defendant Lions") (collectively "Individual Defendants") (collectively "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff is an individual residing in Sicklerville, New Jersey, and at all times relevant hereto was employed by Defendant Aramark.

2. Defendant Aramark is a Corporation existing under the law of Pennsylvania with a principal place of business at 2400 Market St, Philadelphia, PA 19103. At all times relevant hereto, Defendant Aramark is an "employer" as defined under applicable state and federal law.

3. Defendant Bunton, at all times relevant hereto, is an individual employed by Corporate Defendant as a Manager. This claim is brought against Defendant Bunton in his individual capacity and as an agent of Corporate Defendant during the course of his employment.

4. Defendant Lions, at all times relevant hereto, is an individual employed by Corporate Defendant as a Manager. This claim is brought against Defendant Lions in his individual capacity and as an agent of Corporate Defendant during the course of his employment.

5. Defendant Vilari, at all times relevant hereto, is an individual employed by Corporate Defendant as Senior Human Resources Manager. This claim is brought against Defendant Vilari in his individual capacity and as an agent of Corporate Defendant during the course of his employment.

6. Upon information and belief, ABC Corporations 1-5 are currently unidentified business entities who acted in concert with Corporate Defendant and/or currently unidentified business entities responsible for the creation and/or implementation of anti-retaliation policies of Corporate Defendant, and/or currently unidentified business entities who may have liability for the damages suffered by Plaintiff under any theory advanced herein.

7. Upon information and belief, Defendant John Does 1-5 are currently unidentified individuals who have acted in concert, aided and abetted, were complicit in, engaged in and/or

encouraged conduct with regard to the instant matter and/or were responsible for the creation and/or implementation of anti-retaliation policies of Corporate Defendant and are currently unidentified individuals who may have liability for the damages suffered by Plaintiff under any theory advanced herein.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

9. On October 17, 2017, Plaintiff was hired by Defendant Aramark to work as Director of Environmental Services. Through his position, Plaintiff provided environmental services on behalf of Defendant Aramark to Thomas Jefferson University ("TJUH").

10. During the course of his employment with Defendant Aramark, Plaintiff worked both day and night shifts.

11. Additionally, in or around October 2018, Defendant Aramark reorganized its management team and gave Plaintiff exclusive responsibility for the department's operations. In that capacity, Plaintiff attempted to remediate problems within Defendant Aramark's department, namely, staffing, capacity, and overtime issues.

12. Specifically, Plaintiff's department was "short" approximately 28 full-time employees. Moreover, due to staffing issues, TJUH proved to be a difficult client and account for Defendant Aramark.

13. Due to the staffing issues and high demands of TJUH, there was high turnover at the facility; indeed, many Defendant Aramark employees quit after working only 30 days at the company.

14. As a result, numerous Defendant Aramark employees within the department were

forced to work long hours and overtime – otherwise Defendant Aramark risked being unable to provide servicer and thus losing its contract with TJUH.

15. Although Plaintiff worked tirelessly in his position at Defendant Aramark, he began experiencing medical complications relating to his diabetes.

16. In or around April 2019, Plaintiff spoke with his physician about the implications of his employment with Defendant Aramark. In particular, Plaintiff explained how the long hours and stressful working environment severely impacted his diabetes.

17. Shortly thereafter, Plaintiff requested medical leave under the Family Medical Leave Act ("FMLA") due to work-related stress and complications relating to diabetes. In or around May 2019, Plaintiff's intermittent FMLA leave was approved by the company.

18. On June 25, 2019, Plaintiff was approached by managers at Defendant Aramark, Defendant Bunton, and Defendant Lions. Defendant Bunton and Defendant Lions asked Plaintiff if he approved the "OT" (overtime) for one of Defendant Aramark's employees, Herbert Williams.

19. In response, Plaintiff explained that he did, and that senior management gave him permission to do so. Defendant Aramark management fully accepted Plaintiff's explanation and gave no indication that his job was in jeopardy.

20. Shortly thereafter, on July 11 and 12, 2019, Plaintiff spoke with Defendant Bunton and informed him he would not be coming into work on those days.

21. Specifically, due to work related stress and his medical condition, Plaintiff's sugar was exceptionally high. Plaintiff thus requested FMLA leave to address his medical condition. Plaintiff thereafter provided a doctor's note relating to his medical condition and stress.

22. A few days later, on or about July 15, 2019, Plaintiff arrived to work and was approached by Mr. Craig Profen, who informed Plaintiff that there was a meeting scheduled that

4

same day at 3:30pm. Mr. Profen claimed he needed to "discuss something" with Plaintiff.

23. When Plaintiff arrived at the meeting, Defendant Bunton was present, in addition to Defendant Lions and Aramark's Senior Human Resources Manager, Defendant Vilari.

24. Once in his office, Plaintiff observed Defendant Vilari typing a letter, which he printed and handed to Plaintiff. Indeed, Defendant Vilari handed Plaintiff a termination letter and informed him that his employment at Defendant Aramark "has been terminated."

25. In response, Plaintiff asked why he was being terminated. Although Plaintiff was never written up for any performance issues regarding the payment of overtime, or anything else, ***he was informed that it was due to performance issues and for paying employees their duly earned overtime.*** Thus, Plaintiff knew this explanation was either blatant retaliation or pretextual.

26. That is, Plaintiff was terminated (i) in retaliation for exercising FMLA leave, on July 11, 2019, and July 12, 2019 in particular; (ii) in retaliation for paying employees overtime as required by federal and state law; and/or (iii) for discriminatory reasons, namely, Plaintiff's medical condition and disability.

27. Accordingly, Defendants violated Plaintiff's rights under the Family Medical Leave Act ("FMLA"), *29 U.S.C. §§ 2601*, *et seq.* Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963, the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq.* ("NJLAD"), and related federal and state law.

## COUNT ONE

### FLSA – DISCRIMINATION & RETALIATION

28. Plaintiff repeats each and every allegation as if set forth fully herein at length.

29. The FLSA generally requires overtime pay of at least one and one-half times the

5

regular rate of pay for hours worked in excess of 40 hours per workweek.

30. Defendants retaliated against Plaintiff for engaging in protected activities, namely, for paying employees as required by state and federal law.

31. Corporate Defendant, by and through its employees, retaliated against Plaintiff for having complied with federal and state law.

32. Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in his favor and against Defendants and seeks all appropriate, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## COUNT TWO

## PHRA - DISCRIMINATION DUE TO DISABILITY

33. Plaintiff repeats each and every allegation as if set forth fully herein at length.

34. The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis of Disability in violation of Plaintiff's rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963

35. Said violations were intentional and willful.

**WHEREFORE**, Plaintiff, respectfully demands judgment in his favor and against Defendants, and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## COUNT THREE

## PHRA - RETALIATION

36. Plaintiff repeats each and every allegation as if set forth fully herein at length.

37. The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising his rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

38. Defendants retaliated against Plaintiff for engaging in protected activities.

39. Corporate Defendant, by and through its employees, retaliated against Plaintiff for having exercised his rights under federal and state law.

40. Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in his favor and against Defendants and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees.

## COUNT FOUR

### NJLAD – DISPARATE TREATMENT & HOSTILE WORK ENVIRONMENT DISCRIMINATION DUE TO DISABILITY

41. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

42. The pattern and practice of discrimination and retaliation directed at Plaintiff is outlined above.

43. The above-described conduct would not have occurred but for Plaintiff's disability.

7

44. Defendants have not maintained an anti-harassment policy that is current and effective.

45. Defendants did not maintain useful formal and informal complaint structures for victims of discrimination, harassment, and retaliation.

46. Defendants did not properly train their supervisors and/or employees on the subject of discrimination, harassment, and retaliation.

47. Defendants failed to institute appropriate monitoring mechanisms to check the effectiveness of the policies and complaint structures.

48. Defendants did not have a commitment from the highest levels of management that harassment will not be tolerated.

49. As a result of the above harassing and discriminatory conduct, Plaintiff experiences ongoing emotional distress and experiences significant economic damages.

50. As the employers and/or supervisors of the Plaintiff, Defendants are vicariously, strictly, and/or directly liable to the Plaintiff pursuant to the New Jersey Law Against Discrimination ("NJLAD"), *N.J.S.A.* 10:5-1, *et seq.* in that the affirmative acts of discrimination committed by Individual Defendants occurred within the scope of their employment; the creation of the hostile work environment was aided by Defendants in delegating power to Individual Defendants, and other supervisors to control the day-to-day working environment; and/or the Defendants were deliberately indifferent, reckless, negligent and/or tacitly approved the hostile work environment; and/or the Defendants failed to create and/or have in place well-publicized and enforced effective formal and informal complaint structures, training, and/or monitoring mechanisms for same despite the foreseeability of discrimination in the workplace; and/or by

having actual knowledge of the discrimination of Plaintiff and failing to promptly and effectively act to stop it.

51. Defendants aided, abetted, incited, compelled, and/or coerced, and/or attempted to aid, abet, incite, compel and/or coerce other Defendants to commit acts and omissions that were in violation of the NJLAD by committing affirmatively harassing acts towards Plaintiffs in violation of their supervisory duties to halt or prevent harassment, subjecting the Defendants to individual liability to Plaintiff pursuant to *N.J.S.A.* 10:5-12(e).

52. As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained damages.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the NJLAD, punitive damages, pre-and post-judgment interest, attorney's fees and costs of suit, and for such other relief that the Court deems equitable and just. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the NJLAD as follows:

A. Reinstatement of employment and all benefits;
B. Back pay and benefits;
C. Front pay and benefits;
D. Compensatory damages;
E. Consequential damages;
F. Reinstatement;
G. Punitive damages;
H. Prejudgment interest and enhancements to off-set negative tax consequences;
I. Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);
J. Such other relief as may be available pursuant to the LAD and which the Court deems just and equitable;
K. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;
L. Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;

M. Ordering Defendants to undergo anti-discrimination training;
N. Ordering Defendants to undergo anti-retaliation training;
O. Ordering Defendants to undergo anti-harassment training;
P. Ordering Defendants to undergo workplace civility training;
Q. Ordering Defendants to undergo bystander intervention training;
R. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;
S. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;
T. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;
U. Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;
V. Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;
W. Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;
X. Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;
Y. Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and
Z. Such other relief as may be available and which the Court deems just and equitable

## COUNT FIVE

### NJLAD – RETALIATION/IMPROPER REPRISAL

53. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

54. Defendants took retaliatory action against Plaintiff, which is set forth at length above and includes but is not limited to terminating Plaintiff's employment.

55. Defendants are vicariously, strictly, and/or directly liable to Plaintiff for unlawfully retaliating against Plaintiff.

56. As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on this Count together with compensatory and equitable relief, all remedies available under the NJLAD, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT SIX

### NJLAD – DISABILITY DISCRIMINATION: FAILURE TO ACCOMMODATE AND FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

57. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

58. The conduct of Defendants as detailed above constitutes disability discrimination, specifically the failure to engage in the interactive process required by New Jersey law.

59. As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the NJLAD, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT SEVEN

### FMLA – DISCRIMINATION, RETALIATION, AND INTERFERENCE RETALIATION

60. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

61. During all times relevant to this complaint, Plaintiff was an "employee" under the FMLA in his capacity at Defendant Aramark.

62. The Family Medical Leave Act ("FMLA"), *29 U.S.C. §§ 2601, et seq.* gives eligible

11

employees 12 weeks of protective leave to deal with a serious health condition that makes the employee unable to perform the essential functions of his/her job.

63. Plaintiff provided advanced notice to Defendants of his Leave in a manner that was reasonable and practicable.

64. Defendants interfered with Plaintiff's exercise of his right to Family Leave.

65. In violation of the FMLA, Defendants discriminated against Plaintiff for exercising his right to Family Leave.

66. As a direct result of Plaintiff taking leave, the Defendants took retaliatory action by terminating Plaintiff's employment.

67. As a proximate result of the aforementioned acts, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the FMLA, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT EIGHT

### TITLE VII - DISCRIMINATION DUE TO DISABILITY
### (against Corporate Defendant)

68. The preceding paragraphs are incorporated by reference as if fully set forth.

69. The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis of Disability in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

70. Said violations were intentional and willful.

**WHEREFORE**, Plaintiff, respectfully demands judgment in his favor and against Defendants, and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## COUNT NINE

### TITLE VII - RETALIATION
### (against Corporate Defendants)

71. The preceding paragraphs are incorporated by reference as if fully set forth.

72. The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended.

73. Defendants retaliated against Plaintiff for engaging in protected activities, namely, for complaining and protesting ongoing discrimination, harassment, and retaliation.

74. Defendants, by and through its employees, retaliated against Plaintiff for having exercised is rights under federal and state law.

75. Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in his favor and against Defendants and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to *Rule* 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney

13

whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary insurance coverage, but also any excess, catastrophe, and umbrella policies.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

McOMBER & McOMBER, P.C.
*Attorneys for Plaintiff, Troy Stephens*

By: /s/ *Matthew A. Luber,* Esq.
Matthew A. Luber, Esq.

Dated:  October 18, 2019

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *Rule* 4:25-4, MATTHEW A. LUBER, ESQUIRE is hereby designated as trial counsel for Plaintiff.

## CERTIFICATION

Pursuant to *Rule* 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other civil actions or arbitration proceedings involving this matter with respect to this matter and no other parties need to be joined at this time.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McOMBER & McOMBER, P.C.
*Attorneys for Plaintiff, Troy Stephens*

By: /s/ *Matthew A. Luber*, Esq.
Matthew A. Luber, Esq.

Dated:  October 18, 2019

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-004169-19**

**Case Caption:** STEPHENS TROY VS ARAMARK CORPORATION
**Case Initiation Date:** 10/18/2019
**Attorney Name:** PETER M DRAPER
**Firm Name:** MC OMBER & MC OMBER, PC
**Address:** 30 SOUTH MAPLE AVE MARLTON NJ 08053
**Phone:** 8569859800
**Name of Party:** PLAINTIFF : STEPHENS, TROY
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/18/2019
Dated

/s/ PETER M DRAPER
Signed